No. 3772.

## Court of Appeal, Parish of Orleans.

## TEUTONIA BANK & TRUST CO., vs. R. J. BRUNET.

1. Where a plaintiff acquires before maturity and for value a note given for a subscription to stock in a corporation, evidence is not admissible to show that the company was never legally organized and that its agent represented to the maker of the note that the company would do a profiable business because the license tax imposed by law was void.
2. Even if plaintiff had knowledge of such facts, his right to recover would not thereby be effected.
3. The illegality of the organization either was or should have been known to the defendant and did not concern the plaintiff, and the representation that the license tax was void was a layman's opinion on a question of law, which defendant was at liberty to accept or reject at his pleasure.

Appeal from Civil District Court, Division "D."

Dart & Kernan, for Plaintiff and Appellee.

McCaleb, McCaleb & Leopold, for Defendant and Appellant.

DUFOUR, J. The plaintiff alleges that it is the bona fide owner for value of a note made by the defendant to the order of the Standard Trading Co. from which plaintiff acquired it before maturity.

The answer avers:

First. That the Standard Co. was never organized according to law, and therefore the consideration of the note sued on, which was a stock subscription note, has failed.

Second. That one McIntyre, representing the company fraudulently represented to defendant that the license for State and City were void, and the business would hence be profitable, and that all of the foregoing facts and representations were known to plaintiff at the time it acquired the note.

Third. That the incorporators never had any intention of carrying on the business.

At the trial proof was tendered to substantiate the allegations of the answer, to which an objection was made and sustained that

"the testimony would be irrelevant and not concerning the issue between Teutonia Bank and R. J. Brunet, the maker of the note, and even if the matter alleged regarding the formation of the corporation were true, such evidence would be wholly irrelevant to to the issue herein involved."

The defence is so far fetched and so preposterous that we find it difficult to.write an opinion in refutation of it.

It is sufficient to say that the affairs of the Company either were known or should have been known to the defendant and did not concern the plaintiff, and that the statement to the effect that the licenses imposed by, the statute were void was a laymen's opinion on a question of law which defendant was at liberty to accept or reject at his pleasure.

It is more than ordinarily difficult to undertsand on what theory such matter could affect the plaintiff's rights.

The ruling was correct.

Judgment affirmed.

December 11, 1905.

Rehearing refused Jan. 9, 1906.